lml/sc

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )   <br>            Plaintiff,   )   <br>                          )   <br>      vs.                 )   <br>                          )   <br> ARTHUR WILLIAMS           )   <br>            Defendant.    )   | Case No. 00-40057-01-JAR |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Arthur Williams's motion for reconsideration of sentence (Doc. 87) and motion for record (Doc. 88). For the reasons discussed below, the Court denies defendant's motions.

## I.  Procedural Background

On August 14, 2001, defendant pled guilty to count one of the Indictment, felon in possession of a firearm. (Doc. 59.) The Court placed defendant on probation for five years. (Doc. 71.) On October 15, 2003, the Court issued a warrant against defendant for violation of his probation conditions based on defendant's indictment on charges involving the sale of crack cocaine, Case No. 03-40112-SAC. (Doc. 76.) As a result of the violation, the Court revoked defendant's probation and on May 20, 2004, sentenced him to 12 months imprisonment to be served consecutively with the 70-month sentence imposed in Case No. 03-40112-01-SAC.[1]

Defendant did not file a direct appeal from his 12-month sentence. On January 27, 2005, defendant mailed a letter to the district court asking the Court to modify his sentence for the

---

[1] In that case, defendant pled guilty to one count of distributing cocaine base.

probation violation to run concurrently with the sentence he received in the separate proceedings. (Doc. 87.)  On March 15, 2006, defendant filed a "motion for record" to produce all documents (Doc. 88),  in order to prepare a "certificate of criteria to the supreme court" and a motion under 28 U.S.C. § 2255.

## II.     Analysis

### A.  Motion For Reconsideration Of Sentencing

In view of defendant's *pro se* status, the Court construes his letter as a motion for reduction of sentence under 18 U.S.C. § 3582(c).[2]  Defendant asks the Court to modify and reduce his sentence upon consideration of his readiness to "return to my free state," citing completion of various educational and rehabilitation programs.  Because of defendant's accomplishments, he requests his sentence for revocation of probation run concurrently with his sentence imposed in Case No. 03-40112-01-SAC.

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization."[3]  As the Tenth Circuit explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so.  Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed."  A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of

---

[2]District courts may not recharacterize a *pro se* litigant's post-conviction motion as a 28 U.S.C. § 2255 motion unless the court first warns the *pro se* litigant about the consequences of the recharacterization, thereby giving the litigant an opportunity to contest the recharacterization, or to withdraw or amend the motion. *United States v. Martin*, 357 F.3d 1198, 1199-1200 (10th Cir. 2004) (citing *Castro v. United States*, 540 U.S. 375 (2003)).

[3]*United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997).

>  Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."[4]

If defendant's argument does not fall within one of these three limited avenues under § 3582(c), the Court is without jurisdiction to consider defendant's request.[5]  None of the avenues set forth above apply to this case.  Although the Court commends defendant for his rehabilitative efforts and accomplishments since his conviction, it does not find that it has the power to reduce defendant's sentence.  Defendant's motion must be denied.

### B.  Motion For Record

In his motion for record, defendant alleges the following: (1) his attorney committed inexcusable neglect; (2) the court lacked subject matter jurisdiction; (3) his indictment violated federal law and the rules of civil procedure 28 U.S.C. § 753; and (4) his constitutional rights were violated.[6]  Under 28 U.S.C. § 753(f), defendant is entitled to a copy of his transcript if he demonstrates "that his suit is not frivolous and that the transcript is needed to decide the issue presented by the suit."[7]  Therefore, defendant will need more than conclusory allegations of constitutional violations to satisfy the requirement under § 753(f) because defendant "does not

---

[4] *United States v. Blackwell*, 81 F.3d 945, 947-48 (10th Cir. 1996) (citations and footnote omitted). Congress twice amended 18 U.S.C. § 3582, in 1996 and 2004; neither of these amendments substantively affects the Tenth Circuit's analysis.

[5] *United States v. Smartt*, 129 F.3d 539, 541 (10th Cir. 1997).

[6] On April 4, 2006, defendant filed a similar motion for record with Judge Sam A. Crow for Case No. 03-40112-01-SAC.  Judge Crow denied defendant's request because defendant had not filed a motion pursuant to § 2255 nor had defendant offered any legal or factual basis for seeking relief.  (Doc. 49.)

[7] *Sistrunk v. United States*, 992 F.2d 258, 259 (10th Cir. 1993).

have a constitutional right to a free transcript for exploratory use in collateral federal proceedings."[8]  The Court concludes that defendant has not made an adequate showing to demonstrate that it is appropriate for the Court to provide him, at no cost, the documents that he seeks.  Defendant's motion contains little more than conclusory allegations that he was denied effective assistance of counsel, that the Court lacks jurisdiction and of violations of unidentified constitutional rights.[9]

Moreover, based on the Court's review of the court file, it appears that any § 2255 motion by defendant would be subject to summary dismissal.  Section 2255 provides that "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a . . . hearing, [and] determine the issues."[10]  However, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides "if it plainly appears from the face of the motion . . . [and all the files, records, transcripts, and correspondence relating to the judgment under attack] that the movant is not entitled to relief, . . . the judge shall make an order for its summary dismissal."  As stated previously, defendant's motion for record provides only conclusory allegations of constitutional violations.  Further, defendant's § 2255 motion would be barred by the statute of limitations.  Section 2255 requires defendant to seek relief a year from the date that judgment for the conviction becomes final.[11]  Defendant's judgment became final when defendant failed to appeal from the Court's sentence of 12 months imprisonment for

---

[8]*Id.*

[9]*Sistrunk*, 992 F.2d at 258.

[10]28 U.S.C. § 2255.

[11]28 U.S.C. § 2255(1).

violation of supervised release. (Doc. 71.) Any motion brought under § 2255 would be untimely because the statute of limitations ran well over a year ago. Because the statute of limitations has run for defendant to file a § 2255 motion, the Court cannot grant relief to defendant even if he is able to review the record that he requests. Accordingly, defendant's motion for record is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that defendant's motion for reconsideration of sentence (Doc. 87) is DENIED;

**IT IS FURTHER ORDERED** that defendant's motion for record (Doc. 88) is DENIED.

IT IS SO ORDERED.

Dated this 19th day of September, 2006.

 S/ Julie A. Robinson
Julie A. Robinson
United States District Judge